IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE<br><br>　Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF SOUTH ALABAMA; MICHAEL A. MITCHELL**,** individually and in his official capacity as Vice President for Student Affairs and Dean of Students and Deputy Title IX Coordinator for Students; ANDREA C. AGNEW**,** individually and in her official capacity as Assistant Dean of Students; KRISTA HARRELL**,** individually and in her official capacity as Associate Dean of Students & Title IX Coordinator; No.2-20, and fictitious party defendants whose names and identities are otherwise unknown and who will be substituted,<br><br>　Defendants. | CIVIL ACTION NO.:  1:17-cv-00394-WS-C |

**MOTION FOR EXPEDITED DISCOVERY**

　　Plaintiff John Doe seeks an Order of this Court for limited expedited discovery in anticipation of a hearing on the Motion for Preliminary Injunction. A proposed Order for the Production of Documents and a Transcript accompanies this Motion. The documents requested are only a small portion of the discovery ultimately to be pursued in this case. The limited initial discovery sought includes: (i) an audio copy and transcript of the disciplinary/appeal hearings in USA case number  2016012301 (Case of Jane Roe 1 & Jane Roe 2) held on November 15, 2016, USA Case Number 2016016401 (Jane Roe 3's Title IX complaint against Doe) and USA Case

1

Number 2016030901 (Doe's Title IX complaint against Jane Roe 3) held on March 27, 2017 and August 15, 2017; and (ii) the investigative file and internal correspondence regarding these cases.[1]

As grounds for this Motion, Plaintiff state as follows:

1. Plaintiff brought this action for a declaratory judgment and injunctive relief. This case arises out of the decision of the University of South Alabama ("USA") to impose disciplinary sanctions against the Plaintiff in violation of his constitutional rights and in violation of the University's own rules, regulations, and procedures.

2. Expedited discovery is necessary to allow the Plaintiff to obtain information to present to the Court in support of the Motion for a Preliminary Injunction. The Eleventh Circuit has permitted expedited discovery by generally following a "good cause" standard "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Alien Tort Statute & S'holder Derivative Litig. v. Valencia (In re Chiquita Brands Int'l)*, No. 08-01916-MD-MARRA, 2015 U.S. Dist. LEXIS 189224, at *442-*443 (S.D. Fla. Apr. 17, 2015). Furthermore, where a party seeks a preliminary injunction, the good cause standard for expedited discovery may be satisfied by the court's consideration of factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, No. 6:13-cv-

---

[1] There were two hearings involving Jane Roe 3's Title IX complaint against Doe. The first UDC hearing was held on March 27, 2017 and involved cross Title IX complaints between Roe 3 and Doe. In that initial hearing, Doe was found responsible for sexual assault and Roe 3 was found not responsible for sexual assault. On appeal Defendant Mitchell set aside the finding of responsibility of Doe and sustained the not responsible finding of Roe 3. A second Title hearing was held on August 15, 2017 and Doe was found responsible.

2

333-Orl-28TBS, 2013 U.S. Dist. LEXIS 53071, *4-*5 (M.D. Fla. Apr. 12, 2013) (quoting Disability Rights Council of Greater Wash. V. Wash. Metro. Area Transit Auth., 234 F.R.D. 4, 6 (D.D.C. 2006). The Plaintiff shows "good cause" by appropriately making an expedited discovery request that is narrowly tailored and does not burden the defendant. This motion for "expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Dig. Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-31TBS, 2017 U.S. Dist. LEXIS 25359, at *7 (M.D. Fla. Feb. 23, 2017) (quoting *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).

3. The requested documents and a transcript of the hearings conducted by USA are necessary for the Court's consideration of this matter. USA has previously made such materials available for review by John Doe only on a limited basis, and has denied John Doe's request to obtain copies of the hearings. Granting access to these essential documents would allow the Plaintiff to better prepare for the preliminary injunction hearing, and present sufficient information to the Court. *See e.g Meritain Health Inc. v. Express Scripts, Inc*., No. 4:12-CV-266-CEJ, 2012 U.S. Dist. LEXIS 53827, at *2 (E.D. Mo.) ("Expedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing."); *Dig. Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-31TBS, 2017 U.S. Dist. LEXIS 25359, at *7 (M.D. Fla. Feb. 23, 2017) (citing *Edudata Corp. v. Scientific Computers, Inc*., 599 F. Supp. 1084, 1088 (D. Minn. 1984) (ordering expedited discovery prior to hearing on preliminary injunction because it would "better enable the court to judge the parties' interests and respective chances for success on the merits").

*Accordingly*, this Plaintiff Doe respectfully request an Order limited expedited discovery and the production of the audio files and transcripts of the hearings and the investigative files and

internal correspondence regarding these cases;

                                     Respectfully submitted,

                                     /s/ Matt Green(GRE095 A)

                                     Matt Green, Esq. (GRE095 A)

OF COUNSEL:
Matt Green, Esq. (GRE095 A)
The Law Office of Matt Green, LLC
*The Pollock-Altmayer House*
501 Government Street, Suite 1
Mobile, AL 36602
Ph: (251) 434-8500
Facsimile: (251)408-3265
E-mail: mattgreenlaw@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 31st day of August 2017, electronically filed the foregoing with the Clerk of the court using the CM/ECF system and will serve a copy upon legal counsel for the defendants:

Kristin Daniels Dukes
Associate University Attorney, AD 140
307 University Blvd., North
Mobile, AL 36688-0002

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE<br><br>    Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF SOUTH ALABAMA; **MICHAEL A.MITCHELL,** individually and in his official capacity as **Vice President for Student Affairs and Dean of Students and Deputy Title IX Coordinator for Students; ANDREA C. AGNEW,** individually and in her official capacity as **Assistant Dean of Students; KRISTA HARRELL,** individually and in her official capacity as **Associate Dean of Students & Title IX Coordinator;** No.2-20, and fictitious party defendants whose names and identities are otherwise unknown and who will be substituted,<br><br>    Defendants. | CIVIL ACTION NO.: _____ |

**ORDER FOR EXPEDITED DISCOVERY**

This matter came before the Court on the Motion of Plaintiff John Doe for an Order of for limited expedited discovery prior to a hearing on Plaintiff's Motion for a Preliminary Injunction.

For good cause shown, the Motion is GRANTED.

The University of South Alabama shall, within seven days, prepare and produce the

following to counsel for Doe: (i) a transcript and copy of any recordings of the disciplinary/appeal hearings for John Doe as to USA Case number 2016012301 (Case of Jane Roe 1 & Jane Roe 2) held on November 15, 2016; USA Case Number 2016016401 (Jane Roe 3's Title IX complaint against Doe); and USA Case Number 2016030901 (Doe's Title IX complaint against Jane Roe 3) held on March 27, 2017 and August 15, 2017; and (ii) the investigative files and internal correspondence regarding these cases;

_____
Judge, United States District Court