IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| THE UNIVERSITY OF SOUTH ALABAMA; MICHAEL A. MITCHELL, individually and in his official capacity as Vice President for Student Affairs and Dean of Students and Deputy Title IX Coordinator for Students; ANDREA C. AGNEW, individually and in her official capacity as Assistant Dean of Students; KRISTA HARRELL, individually and in her official capacity as Associate Dean of Students & Title IX Coordinator; No. 2-20 and fictitious party defendants whose names and identities are otherwise unknown and who will be substituted, | * * * * * * * * * * * * * * * * | CIVIL ACTION NO.: 1:17-CV-00394-CG-C |
| Defendants. | | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Defendants University of South Alabama, Michael A. Mitchell, Andrea C. Agnew and Krista Harrell (collectively "Defendants") oppose the breadth and timing of Plaintiff John Doe's discovery requests in his Motion for Expedited Discovery. (Doc. 11.)

Discovery is normally barred prior to the Rule 26(f) conference. *Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); Fed. R. Civ. P. 26(d)(1). In order to obtain expedited discovery, the burden is on the moving party to show good cause for departing from the usual discovery procedures. *Id.* "[C]ourts generally deny motions

for expedited discovery when the movant's discovery requests are overly broad." *Digital Assur. Certification, LLC v. Pendolino*, 2017 WL 715152, at *3 (M.D. Fla. Feb. 23, 2017) (finding proposed requests for production overbroad). In addition, "it is unreasonable to expect Defendant[s] to comply" with substantial requests when they are made with little notice. *Id*. ("The burden of complying with [the]proposed discovery, particularly the requests for production, is great, and the requested discovery is sought with little time remaining before the hearing on the motion for temporary restraining order. For these reasons, DAC's motion for expedited discovery is denied.")

Doe requests so-called "limited" discovery in anticipation of a hearing on the Motion for Preliminary Injunction. His preliminary injunction is based only on his due process claims related to the hearing in the second Jane Roe 3 proceeding. (Doc. 6.) Yet in Doe's motion for expedited discovery he requests a transcript[1] and copy of any recordings in all three hearings, the investigative files, and the internal correspondence regarding all three cases. Such a request is far greater than what Doe characterizes as "only a small portion of the discovery ultimately to be pursued in this case" and is not narrowly tailored. Only those files and related materials connected with Roe 3's second hearing are relevant for any preliminary injunction hearing.

Moreover, given the nature of the materials at issue, the University's obligations under FERPA prevent it from immediately producing records, even in redacted form. As described in Defendants' response to Doe's motion to proceed anonymously (Doc. 17), the University may only disclose the records pursuant to a court order or subpoena, and it must have sufficient time (at least 10 days) to provide reasonable notice to the affected students and time for them to seek

---

[1] No "transcript" of the hearings exists, as the audio recording is the official record of the proceeding. Defendants intend to engage a court reporter to prepare transcripts of the proceedings; however this will take time.

protective action. 34 C.F.R. § 99.31(a)(9). A protective order will also be necessary before any documents are produced. Defendants will also need to gather and prepare documents for production. Defendants just received notice of this lawsuit late last week, and while they are working diligently to compile pertinent information, it is a significant undertaking and on such short notice. Defendants intend to redact student names from the records in order to limit the students' exposure and will also need to remove privileged documents. This will require significant, labor-intensive work to ensure proper production. Seven days is simply not practical for the production of all that Doe has requested and to ensure compliance with FERPA.

Therefore, Defendants request that the Court deny Doe's motion for expedited discovery, or, if granted, limit discovery to the second Doe 3 hearing. Defendants further request a reasonable time in which to respond, taking into account the notice that is required to be provided to students and other protective measures which must be put in place.

Respectfully submitted,

 */s/ Christine Harding Hart*
WINDY C. BITZER (BITZW7315)
CHRISTINE HARDING HART (HARTC5687)
*Attorneys for Defendants University of South Alabama, Michael A. Mitchell, Andrea C. Agnew, and Krista Harrell*

OF COUNSEL:

HAND ARENDALL LLC
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
wbitzer@handarendall.com
chart@handarendall.com

3

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 7, 2017, the foregoing document was filed with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following:

Matt Green, Esq.
The Law Office of Matt Green, LLC
The Pollock-Altmayer House
501 Government Street, Suite 1
Mobile, Alabama 36602
mattgreenlaw@comcast.net

                                                     */s/ Christine Harding Hart*

3259459_1