IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 17-0394-CG-C |
| | ) |
| THE UNIVERSITY OF SOUTH | ) |
| ALABAMA; *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff's motion for Temporary Restraining Order (TRO) and Preliminary Injunction (Doc. 6), and Defendants' opposition thereto (Doc. 16). The Court finds that Plaintiff has not met his burden of showing a substantial likelihood of success on the merits. Therefore, the motion for TRO will be denied, but the Court will grant limited expedited discovery and set a hearing on Plaintiff's motion for Preliminary Injunction. The Court also finds it appropriate to grant Plaintiff's motion to proceed anonymously as John Doe. (Doc. 9).

**I. BACKGROUND**

This case arises from disciplinary actions that were initiated against Plaintiff John Doe, at The University of South Alabama ("South Alabama"). Plaintiff was enrolled as a student at South Alabama for the fall semester of 2016 and the spring semester of 2017 and he enrolled for the current fall semester of 2017. (Doc. 1, ¶ 3(a)). Plaintiff is the recipient of an Army ROTC scholarship through which he

received full tuition scholarship and fees, as well as a monthly subsidence check and money for books. (Doc. 1, ¶ 3(a)).

In October 2016, Plaintiff was notified that he had "been listed as the responsible person in a violation of the Code of Student Conduct," for engaging in sexual violence towards two individuals (hereafter referred to as Roe 1 and Roe 2). (Doc. 1-2, p. 89). The "sexual violence" he allegedly engaged in was defined or listed in the notice as "[a]ny physical sexual acts perpetrated against a person's will or where a person is incapable of giving consent." (Doc. 1-2, p. 89). After a hearing, Plaintiff was notified that the University Disciplinary Committee ("UDC") had found Plaintiff "responsible" for the violation and as a result there was a mutual "No Contact Order" between Plaintiff and Roe 1 and Roe 2; that Plaintiff was on conduct probation for the remainder of his academic career, that he was to complete 100 hours of community service, that his housing contract was terminated, and that he was to complete an educational module on prevention of sexual violence. (Doc. 1-4, p. 4). Plaintiff appealed the decision and Defendant Michael A. Mitchell, who is the Vice President for Student Affairs and Dean of Students and Deputy Title IX Coordinator for Students, upheld the decision but modified the sanction imposed and allowed Plaintiff to maintain campus residence. (Doc. 1-4, pp. 7-8).

By letter dated November 16, 2016, Plaintiff was notified that a third female student (hereafter referred to as Roe 3) had reported to the Title IX Office that Plaintiff had engaged in sexual misconduct off campus, alleging that she was too incapacitated to provide consent for sex. (Doc. 1-4, p. 10-11). The notice stated that

2

an impartial investigation of the allegation would be conducted. (Doc. 1-4, p. 10). Plaintiff then filed a sexual assault Title IX complaint against Roe 3 alleging that Roe 3 had transmitted a sexually transmitted disease to him. (Doc. 1, ¶ 160). Plaintiff requested that the Assistant Dean of Students, Defendant Andrea C. Agnew, recuse herself because Plaintiff asserted that he may call her as a witness, that she had exhibited animus and malice against Plaintiff in the prior hearing, and that she had personally participated in the investigation. (Doc. 1-4, p. 17). In response, Defendant Mitchell stated that though he "did not find any prior conduct by Dr. Agnew merits her removal from this proceeding Dr. Agnew has recused herself from today's proceeding." (Doc. 1-4, p. 16). The two cross-complaints were heard by the same UDC panel. (Doc. 1, ¶ 174). After the hearing, Plaintiff was found "responsible" by the UDC of violating the Code of Student Conduct for engaging in "sexual violence." (Doc. 1-4, pp. 19-20). Roe 3 was found "not responsible." (Doc. 1-4, pp. 23-24). Plaintiff appealed the decisions. Defendant Mitchel upheld the finding that Roe 3 was "not responsible" but found that the charge against Plaintiff should be heard again during a new proceeding with a different committee. (Doc. 1-4, pp. 27-28). Defendant Mitchell stated that "the introduction of prior allegations against you was significant enough to warrant that this charge be heard again." 9Doc. 1-4, p. 27). Defendant Mitchell stated that Defendant Agnew would preside over the new hearing because her "level of experience presiding over Title IX hearings will provide additional assurance that all required policies and procedures will be followed." Defendant Mitchell further stated that he had "not found any indication that [Agnew] has any conflict of interest

3

in such participation, as her role throughout these proceedings has been as a neutral investigator and facilitator." (Doc. 1-4, p. 27).

A new UDC panel heard the case on August 15, 2017 and concluded that Plaintiff was "responsible." (Doc. 1-4, pp. 30-31). The Committee found that Roe 3 "did not provide consent to engage in sexual activity with the respondent as defined in the University of South Alabama Sexual Misconduct Policy & Complaint Resolution Procedures." (Doc. 1-4, p. 31). As a result Plaintiff was suspended from South Alabama effective August 16, 2017 until the summer 2018 term and was prohibited from visiting the campus for any reason without prior clearance by the Office of the Dean of Students. (Doc. 1-4, p. 30). A mutual "No Contact Order" between Roe 3 and Plaintiff was also put in place and it was reiterated that Plaintiff was on conduct probation for the remainder of his academic career at South Alabama. (Doc. 1-4, p. 30). Plaintiff appealed the decision and on August 28, 2017, Mitchell upheld the decision and sanctions. (Doc. 1-4, pp. 33-34).

In his motion for Temporary Restraining Order (TRO) and Preliminary Injunction, Plaintiff requests that this Court order South Alabama to 1) reinstate him immediately, 2) order South Alabama to place him immediately back into the ROTC program, 3) declare that Defendants' rules and policies and actions as applied were unconstitutional or in violation of the contractual equivalent of due process, good faith and fair dealing and fundamental fairness, and 4) enjoin the Defendants from releasing Plaintiff's identity and the results of the decisions made the basis of this action.

## II. LEGAL STANDARD

This Court previously noted the applicable standard for preliminary injunctive relief in Hammock ex rel. Hammock v. Key, 93 F.Supp.2d 1222 (S.D. Ala. 2000):

> A party seeking a preliminary injunction must establish the following four factors: (1) a substantial likelihood of success on the merits; (2) a threat of irreparable injury; (3) that its own injury would outweigh the injury to the nonmovant; and (4) that the injunction would not disserve the public interest. *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir.1999); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998). The Court should be mindful that a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant has clearly satisfied the burden of persuasion as to the four requisites. McDonald's, 147 F.3d at 1306; *Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir.1990).

*Id.* at 1226-27.  The same standard applies to a request for a temporary restraining order as to a request for a preliminary injunction. *Morgan Stanley DW Inc., v. Frisby*, 163 F.Supp.2d 1371, 1374 (N.D. Ga. 2001) (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir.1995)).  Upon consideration of the evidence presented, the Court concludes that plaintiff has not met this burden.

## III. ANALYSIS

Plaintiff claims he will be irreparably injured if he is not allowed to continue in his classes this semester as an ROTC scholarship student. He was prohibited from doing so by South Alabama as a sanction after being found "responsible" for sexual misconduct towards Roe 3 in the August 15, 2017 discipline hearing. The decision was upheld on appeal by Defendant Mitchell on August 28, 2017.  Plaintiff

5

also claims he would be irreparably harmed if Defendants were to release his identity and the results from any or all of the disciplinary hearings.

As to the release of Plaintiff's identity and the results, Defendants state that they have no present intention of publicly displaying Plaintiff's identity. (Doc. 16, p. 25). Defendants have also responded to Plaintiff's motion to proceed anonymously (Doc. 9), by stating that they do not oppose the motion but request in return that the student complainants continue to be identified as Jane Roe 1, Jane Roe 2, and Jane Roe 3 as identified in the Complaint. (Doc. 17). Defendants also request that the witnesses in the disciplinary proceedings, the UDC members and the other student participants be identified by aliases to preserve their anonymity. The Court finds it appropriate to Grant Plaintiff's motion to proceed anonymously and to order that all of the individuals mentioned above be referred to by aliases.

The first factor Plaintiff must establish to succeed on his motion for TRO is a substantial likelihood of success on the merits. Defendants contend that Plaintiff has not established this factor. Plaintiff's basis for claiming that the Defendants should be ordered to reinstate him is that the discipline hearing violated his due process rights. Plaintiff claims the hearing was unfair because: 1) unsworn witness statements, rather than affidavits were presented at the hearing and Plaintiff could not cross-examine those witnesses because they did not appear at the hearing, 2) South Alabama refused to disclose what accommodations Roe 3 was afforded and Plaintiff was not permitted to cross-examine Roe 3 on this point, 3) Plaintiff was not permitted to cross-examine Roe 3 regarding the transmission to him of a sexually

6

transmitted disease, and 4) the decision makers were biased.

Plaintiff objects to the unsworn witness statements having been used at the hearing on the basis that they violate South Alabama's own rules and because they resulted in Plaintiff not being able to cross-examine the witnesses. The Student Code of Conduct expressly states that the complainant and respondent have "[t]he right to present evidence by witness, or by affidavit if a witness is unable to attend the hearing" and "[t]he right to question all witnesses at the disciplinary hearing." (Doc. 1, pp. 9-10).  The witness statements in question were not affidavits and it was not shown that all of the witnesses were unable to attend. However, the statements in question were not submitted by Roe 3 pursuant to her right to present witnesses. The statements were contained in the investigation materials submitted to the UDC. South Alabama's Sexual Misconduct Policy and Complaint Resolution Procedures require the Investigating Officer to conduct an investigation and gather information and statements from witnesses and other sources and they require the Investigating Officer to transmit the investigation report and any appended information to the UDC before the hearing. (Doc. 1-2, pp. 28, 29). The parties were reportedly provided the opportunity to review the investigation materials before the hearing and could have notified a potential witness and requested that they appear.

Plaintiff asserts that he has the right to confront adverse witnesses when the information supplied by those witnesses is the reason for the adverse action and there is a question of credibility to be resolved by the finder of facts. The right to cross-examine witnesses generally has not been considered an essential requirement

of due process in school disciplinary proceedings. *Winnick v. Manning*, 460 F.2d 545, 549 (2d Cir. 1972) (citation omitted).

> Due process does not invariably require the procedural safeguards accorded in a criminal proceeding. Rather, '[t]he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation.'

*Id.* (citation omitted). "All that is required by the Due Process Clause, which sets a floor or lower limit on what is constitutionally adequate, is 'sufficient notice of the charges ... and a meaningful opportunity to prepare for the hearing.'" *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 639 (6th Cir. 2005). In *Flain,* the Court noted that "[s]ome circumstances may require the opportunity to cross-examine witnesses, though this right might exist only in the most serious of cases." *Id.* at 636. Plaintiff was given notice of the charges and the evidence contained in the investigation report and was given the opportunity to present an opening statement and to present witnesses or other evidence to address any discrepancies in the statements. Although due process may require a limited ability to cross-examine witnesses in school disciplinary hearings where credibility is at issue, *Doe v. Cummins*, 662 F. App'x 437, 448 (6th Cir. 2016), Plaintiff was permitted to orally pose questions to the presiding officer who then posed the questions to Roe 3. Thus, he was permitted to cross-examine the complainant during the hearing in a meaningful way. As discussed above, the witness statements were merely part of the investigative report. The witnesses did not testify against him at the hearing and the statements were reportedly not read during the hearing. After review of the case law and arguments submitted by the parties, the Court finds that Plaintiff has not met his

8

burden of showing a substantial likelihood of success on the basis of the use of the unsworn statements or Plaintiff's claimed inability to cross-examine witnesses.

The Court finds Plaintiff has also not met his burden of showing that he was denied due process based on Defendants' non-disclosure of the accommodations that were afforded to Roe 3 or because he was not permitted to cross-examine Roe 3 regarding the transmission to him of a sexually transmitted disease. Plaintiff has not shown that such evidence was relevant to the charges being addressed at the August 15, 2017 hearing.

As to Plaintiff's contention that Defendants Agnew and Mitchell or the UDC panel were biased, the Court finds that Plaintiff has not met his burden of showing that he is likely to succeed on that claim. Plaintiff has not pointed to any evidence that Agnew or Mitchell or the members of the UDC panel were overtly biased. Any alleged prejudice "must be evident from the record and cannot be based in speculation or inference." *Nash v. Auburn Univ.*, 812 F.2d 655, 665 (11th Cir. 1987). A decision maker is not deemed biased solely because they participated in the initial investigation of the incident and initiation of the cause under consideration. *Id.* at 666 (quoting *Duke v. North Texas State University*, 469 F.2d 829, 834 (5th Cir.1972)).  "The record must support actual partiality of the body or its individual members." *Id.*

The Court after reviewing the circumstances of the disciplinary hearing and the Defendants' decisions finds that Plaintiff has not met his burden of showing a substantial likelihood of success. The Defendants arguably followed all of South

Alabama's policies and procedures, they provided Plaintiff with notice of the charges and the evidence gathered in their investigation, and they afforded Plaintiff a hearing with an opportunity to present a statement and present witnesses and other evidence in his defense. The Court does not find that Plaintiff has shown a substantial likelihood of establishing a violation of his due process rights regarding the hearing and the decisions that led to Plaintiff receiving the sanction of suspension for two semesters.

Because the failure to show any of the four factors is fatal to Plaintiff's motion for TRO, the Court declines to discuss the remaining factors and finds Plaintiff's motion for TRO is due be denied.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6), is **DENIED IN PART in that the request for a Temporary Restraining Order is DENIED**.

The Court finds it appropriate to set a hearing on Plaintiff's motion for Preliminary Injunction.  However, Plaintiff has requested expedited discovery prior to any Preliminary Injunction hearing. (Doc. 11). Defendants oppose the motion for expedited discovery. (Doc. 18).  The Court finds that expedited discovery should be granted, but only to the extent necessary for the Preliminary Injunction hearing. Plaintiff's motion only addresses the hearing and decisions that relate to Roe 3's claim of sexual misconduct and that resulted in the sanction of suspension.

Accordingly, the scope of the expedited discovery should be limited to the hearing recordings, investigative files and internal correspondence regarding the hearing of August 15, 2017 and Defendant Mitchell's decision to uphold the finding of that hearing that Plaintiff was "responsible." The Court finds that any discovery related to Plaintiff's prior disciplinary hearings is not necessary for the Preliminary Injunction hearing. Defendants report that they need time to provide reasonable notice to the affected students and time for them to seek protective action. They also state that a protective order will be necessary before any documents can be produced and that they will need time to redact student names from documents. Upon consideration, **Defendants** are **ORDERED** to provide the requested discovery, as limited above, to Plaintiff's counsel on or before **September 25, 2017.**

A hearing on Plaintiff's motion for Preliminary Injunction is hereby **SCHEDULED** for **Tuesday, October 3, 2017 at 9:30 a.m**. at the United States Courthouse, Courtroom 2B, 113 St. Joseph St., Mobile, Alabama. The parties are **ORDERED** to notify the Court by written notice of the expected length of the hearing no later than **September 27, 2017.**

It is **FURTHER ORDERED** that Plaintiff's motion to proceed anonymously as John Doe (Doc. 9), is **GRANTED** and the parties and counsel are hereby **ORDERED** to protect the Plaintiff's identity and also to protect the identity of the complainants, the witnesses in the disciplinary proceedings, the UDC members and the other student participants.  The complainants should be referred to as Jane Roe 1, Jane Roe 2 and Jane Roe 3 as identified in the Complaint and the other student

participants should be identified by aliases.

**DONE** and **ORDERED** this 8th day of September, 2017.

                                                  /s/ Callie V. S. Granade
                                                  SENIOR UNITED STATES DISTRICT JUDGE