# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | : | |
| Plaintiff, | : | |
| vs. | : | CA 17-00394-CG-C |
| THE UNIVERSITY OF SOUTH ALABAMA, *et al.*, | : : | |
| Defendants. | : | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

This matter is before the undersigned on Defendants University of South Alabama's, Michael A. Mitchell's, Andrea C. Agnew's, and Krista Harrell's Motion for Expedited Entry of Agreed Protective Order ("motion for protective order"), (Doc. 23), filed on September 21, 2017, in which they motion the Court to enter an agreed Protective Order, (Doc. 23-1, at 1-10). Defendants' motion for protective order, (Doc. 23), is hereby **GRANTED**, and the following Confidentiality and Protective Order is hereby **ENTERED**:

    1.    **Confidential Information**

"Confidential Information" means:

    a.    All student education records, including those of Plaintiff, that cannot be redacted or modified so that aliases are used instead of student names, including but not limited to any audio recordings of disciplinary proceedings.

    b.      All documents or disclosures to counsel or to the Court of the identity of individuals in this case who are referred to by anonymous aliases.

    c.      All witness statements or other written accounts of non-parties to this lawsuit concerning the incidents forming the basis of the disciplinary hearing(s).

    d.      Any text messages exchanged involving non-parties to this lawsuit.

    e.      Any other information of any type, kind, or character, designated as "CONFIDENTIAL", by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, information or documents obtained pursuant to subpoena, or otherwise relating to the underlying events giving rise to the disciplinary proceedings, including materials of a private or sensitive nature, or as otherwise deemed private and personally sensitive, or from which the identity of non-parties could reasonably be revealed.

    **2.**      **Criteria for Designating Confidential Information**

A party shall designate as Confidential Information under Paragraph 1 above only such information that the party in good faith believes in fact is Confidential Information.  Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be

designated as Confidential. Information and documents that may be designated as Confidential Information include, but are not limited to, student education records, documents from which students are identified or may reasonably be identified, confidential financial information, personnel files, personal information that is protected by law, and materials of a private, sensitive nature.

### 3.     Qualified Persons

Information and documents designated as "CONFIDENTIAL" shall be disclosed only to "Qualified Persons," which includes the Court, the trier of fact, the parties, their attorneys, witnesses or potential witnesses (including expert witnesses), and persons assisting counsel, including staff members and licensed court reporters. As used herein, the term "parties" includes the parties' officers, directors, and employees in a management capacity.

If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, the trier of fact, a party, or a party's counsel and staff, such as to any witness, potential witness and/or expert witness to include Roe 1, Roe 2, Roe 3, any UDC panel member, any student, and any employee of Defendant USA, the attorney or party shall first inform that person of the Protective Order and its application to that person, ensure that such person is fully familiar with its provisions of the Protective Order, and make available to such person a copy of the Protective Order.

### 4.     Use of Confidential Information

All Confidential Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof unless otherwise ordered by the Court.  All pleadings shall not identify any University student by name or initials unless filed under seal unless otherwise ordered by the Court.  Only aliases may be used to identify University students unless otherwise ordered by the Court. Recordings or other information that cannot be redacted or cannot be submitted using aliases must be submitted under seal and may not be shared except with the parties, their counsel, qualified persons, and the Court.

**5.     Marking and Redaction of Documents or Other Materials**

Information provided in this litigation may be designated by the producing person or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "CONFIDENTIAL." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

Consistent the Court's September 8, 2017 Order (Doc. 19), all student names shall be redacted from any documents to be produced by the parties or filed in Court.  Plaintiff will be identified only as John Doe.  The complainants will be referred to as Jane Roe 1, Jane Roe 2, and Jane Roe 3. University Disciplinary Committee (UDC) members, student witnesses, and other student participants

shall be referred to by aliases (which are not to consist of the individuals' initials). The producing party will provide the requesting party and the Court (under seal) with the names of the individuals identified by aliases.

      **6.**      **Disclosure at Depositions**

The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony after the deposition. If testimony is designated as "CONFIDENTIAL," the designating party will clearly state the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made within a reasonable time after receipt of said deposition transcripts. Within a reasonable time, the proponent of confidential treatment of all or any portion of the deposition shall serve on all counsel of record a designation of confidentiality that identifies by page those pages to be marked, in a manner which will not interfere with their legibility, with the word "CONFIDENTIAL." Any court reporter or videographer who transcribes or records testimony in this action at a deposition shall agree, before transcribing or recording any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or recording or other transcription records of any such testimony shall be

retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the Court.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

### 7.     Disclosure to Qualified Persons

*a.*     *To Whom.* Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; *provided, however,* that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information.

*b.*     *Retention of Copies During this Litigation.* Any materials produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such materials shall be made. Copies of documents and exhibits containing Confidential Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.  The audio

recordings of disciplinary proceedings containing Confidential Information may be shared with a professional court reporter for transcription purposes.

8. **Unintentional Disclosures**

Inadvertent production of any materials without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date, as long as the producing party or person, promptly after discovery of the inadvertent production without a "CONFIDENTIAL" designation, notifies the other party or parties of the inadvertent production. Disclosure of such material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order. After a belated designation has been made, however, the relevant materials or testimony shall be treated as confidential in accordance with this Order. A party that inadvertently discloses confidential information shall give notice of an inadvertent disclosure within a reasonable time after discovery of such inadvertent disclosure.

If a receiving party learns of any unauthorized disclosure of Confidential information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

The Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection, as long as the producing party or person, promptly after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity. A party that inadvertently discloses material protected by privilege, work-product protection or other protection shall give notice of the inadvertent disclosure within a reasonable time after discovery of such inadvertent disclosure. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify the producing party or person that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protection or immunity.

9. **Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author,

source, or recipient of the Confidential Information, irrespective of which party produced such information.

    10.    **Challenging the Designation**

        a.    *Confidential Information.* A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by moving the court for an order to remove the Confidential Information designation of the disputed information. The disputed information shall remain Confidential Information unless and until the court orders otherwise.

        b.    *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have a reasonable time from the date of the designation or, in the event particular Confidential Information is requested subsequent to the designation of the Qualified Person, a reasonable time from service of the request to move the court for an order denying the disposed person

(a) status as a Qualified Person, or (b) access to particular Confidential Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

11. **Manner of Use in Proceedings**

All confidential information designated "CONFIDENTIAL" must be filed under seal and accompanied by a motion to file under seal, in accordance with General Local Rule 5.2. A party that seeks to use an exhibit designated "CONFIDENTIAL" in open court should move the Court to admit the exhibit under seal.

12. **Return of Documents or Other Materials**

All documents or other materials designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses or other third parties, shall be returned to the party producing it or destroyed within a reasonable time after the disposition of all claims and defenses in the litigation, whether by settlement, judgment, or otherwise.

13. **Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding on all

parties and non-student witnesses after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order. If documents are designated confidential the Court may seal those documents.

14. **Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

15. **Waiver**

This Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance, or privilege.

16. **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

**DONE** and **ORDERED** this the 22nd day of September 2017.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**