IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: |
| | * | 1:17-CV-00394-CG-C |
| v. | * | |
| | * | |
| THE UNIVERSITY OF SOUTH ALABAMA, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

**MOTION FOR LEAVE TO RESPOND TO
PLAINITFF'S SUPPLEMENTAL AUTHORITY AND MOTION FOR LEAVE
TO SUPPLEMENT THE RECORD AND TO SUGGEST MOOTNESS**

In light of Doe's motion to supplement the record with an opinion from the Southern District of Ohio (Doc. 59), as well as the imminent end of Doe's suspension from the University, Defendants respectfully request the opportunity to respond to Doe's supplemental authority and to offer an additional recent district court opinion from Maryland dismissing similar claims. Defendants also request that the Court consider the effect of Doe's ability to enroll in classes for the 2018 Summer Term on his pending motion for preliminary injunction and his amended complaint.

In the case submitted by Doe, *Roe v. Adams-Gaston*, which is not binding on this Court, the Southern District of Ohio applied the Sixth Circuit's recent *Doe v. Cincinnati* opinion in which the complainant did not appear at the hearing and the panel read her unsworn statement into the record without cross-examination. 872 F.3d 393, 400-02 (6th Cir. 2017). In *Adams-Gaston* the district court concluded that the absence of <u>adverse</u> witnesses who observed the conduct at issue likely violated the plaintiff's due process rights. However, as briefed at length by the Defendants

in this case, numerous courts have found otherwise. (Doc. 48, pp.21-25); *see, e.g.*, *Nash v. Auburn Univ.*, 812 F.2d 655, 665-66 (11th Cir. 1987) (courts "have not required the cross-examination of witnesses and a full adversary proceeding"); *L.Q.A. By and Through Arrington v. Eberhart*, 920 F. Supp. 1208, 1219-20 (M.D. Ala. 1996) (hearing panel's consideration of witness statements unable to attend hearing did not violate procedural due process). Moreover, the *Adams-Gaston* case is distinguishable because in the instant case the only witness to the conduct at issue (other than Doe himself) was the complainant Roe 3, who was present and testified at the hearing. (Doc. 46, p.18 ("the case in Roe 3 hinged on the credibility of the accuser Roe 3."); Doc. 48, pp.23-24.) Doe had an opportunity and did cross-examine Roe 3.

To the extent the Court will consider authority from outside of the Eleventh Circuit in deciding the pending motions, Defendants respectfully seek to supplement the record with another recent district court opinion that dismissed similar claims as Doe raises in this case. In *Doe v. Loh*, No. PX-16-3314, 2018 WL 1535495 (D. Md. March 29, 2018), the district court dismissed § 1983 and Title IX claims brought by a former student who was expelled for sexual misconduct. The opinion is attached hereto as Exhibit A. The district court found that the plaintiff was not entitled to cross-examine his accuser because he was afforded other mechanisms to challenge the accuser's statements and present circumstantial evidence why she should not be believed. *Id*. at *7-8. The district court also found that despite Doe's allegation that the investigator was biased and "prosecutorial," Doe was afforded a constitutionally sufficient investigation and hearing before an independent decision-making body. *Id*. at *7. The court further found that Doe failed to allege sufficient facts to state a Title IX discrimination claim. *Id*. at *8-10.[1]

---

[1] Even if *Doe v. Loh* is not persuasive on the merits, at the very least the contrast between the parties' respective supplemental authorities demonstrates the instability in the law governing what

Finally, Defendants wish to alert the Court that the last day of classes for spring semester was April 27, and Doe is eligible to register for classes for summer semester, which begins on May 29.[2] (Oct. 3 Hearing Defendant's Exhibit 22.) This will render moot Doe's motion for preliminary injunction, which requested that this Court grant "a preliminary injunction prohibiting USA from imposing any disciplinary sanctions against John Doe." (Doc. 46, p.33) ("Plaintiff requests that this Court order USA to allow Plaintiff to earn his degree, and reinstate him immediately, order USA to place him immediately back into the ROTC program.")[3] The University is not currently preventing Doe from enrolling in summer classes or from resuming his ROTC Program.[4] Therefore, Doe's motion for preliminary injunction is moot because there is no longer any action to enjoin, and any opinion rendered would be purely advisory. *Brooks v. Ga. St. Bd. of Elections*, 59 F.3d 1114, 1119 (11th Cir. 1995) (finding appeal moot because the applicable deadlines had already passed); *Pacific Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994) (finding that "no meaningful relief remains for us to provide" because "the injunction we are asked to review has expired by its own terms"); *Mitchell v. Crocker*, No. 2:16-cv-575-MHT, 2017 WL 1398652, at *1 (M.D. Ala. Apr. 18, 2017) ("In his motion, plaintiff sought to enjoin defendants

---

process is required for student disciplinary proceedings and thus supports dismissal of the individual claims against Mitchell, Agnew, and Harrell on the basis of qualified immunity.

[2] https://www.southalabama.edu/academiccalendar/ . To the extent necessary, the Court may take judicial notice under Federal Rule of Evidence 201 of the University's Academic Calendar because the facts within it are generally known within the Court's jurisdiction, and can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned.

[3] Doe further requested a declaration that the Defendants' policies and actions were unconstitutional, which is not appropriate for a preliminary injunction absent irreparable harm.

[4] The University does not have any control over Doe's status in ROTC. (Doc. 48, p.27.)

from denying him emergency heart surgery. Before the court ruled on the motion, plaintiff received the necessary medical procedure. The court therefore agrees that plaintiff's motion is moot.")

As for the effect of the end of the suspension on Doe's amended complaint, his request for an injunction restoring him as a student and back into the ROTC program is also moot. (Doc. 43, p.88.) The remaining claims are subject to the Defendants' motion to dismiss.

Respectfully submitted,

/s/ Christine Harding Hart
WINDY C. BITZER (BITZW7315)
CHRISTINE HARDING HART (HARTC5687)
*Attorneys for Defendants University of South Alabama, Michael A. Mitchell, Andrea C. Agnew, and Krista Harrell*

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
wbitzer@handarendall.com
chart@handarendall.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following:

Matt Green, Esq.
The Law Office of Matt Green, LLC
The Pollock-Altmayer House
501 Government Street, Suite 1
Mobile, Alabama 36602
mattgreenlaw@comcast.net

/s/ Christine Harding Hart

3434991_1