# EXHIBIT N

```
         IN THE UNITED STATES DISTRICT COURT

       FOR THE SOUTHERN DISTRICT OF ALABAMA

                  SOUTHERN DIVISION



CIVIL ACTION NO:   1:17-cv-00394-WS-C


JOHN DOE,

      Plaintiff,

Vs.

THE UNIVERSITY OF SOUTH ALABAMA;
MICHAEL A. MITCHELL, individually
and in his official capacity as
Vice President for Student Affairs
and Dean of Students and Deputy
Title IX Coordinator for Students;
ANDREA C. AGNEW, individually and
in her official capacity as
Assistant Dean of Students; KRISTA
HARRELL, individually and in her
official title as Associate Dean
of Students & Title IX Coordinator,
et al.,

      Defendants.



    VIDEO/WEBCAST DEPOSITION TESTIMONY OF:
               KRISTA LYNN HARRELL


DATE:      January 12, 2021 - January 13, 2021

TIME:      2:02 p.m.

REPORTED BY:   Daphne M. Cotten, CSR
```

```
 1   sanction on you as the responding student.
 2   Are you with me?
 3        A.    I'm with you.
 4              MS. HART:  Matt, I'm gonna object
 5   to this line of questioning to the extent
 6   you're calling for information regarding
 7   attorney/client privileged communications.
 8              MR. GREEN:  Well, I'm -- I'll
 9   switch the -- I'll switch the person.  I
10   don't care.  It could be you.
11              MS. HART:  That would be better.
12              MR. GREEN:  Okay, it'll be you.  I
13   mean, you're the attorney.  I'm not alleging
14   any specific -- but, anyway, pick who you
15   want to.  I conferenced with a third party.
16              MS. HART:  Okay.  That would be
17   better.
18
19   BY MR. GREEN:
20        Q.    Krista, are you with me?  I
21   conferenced with a third party.  And after
22   conferencing with that third party I decide
23   that I'm going to increase that sanction.
```

```
 1   Are you with me?
 2        A.    I'm with you.
 3        Q.    And then I tell you what the
 4   sanction is, okay?
 5        A.    As the respondent.
 6        Q.    Right.  You with me?
 7        A.    I'm with you.
 8        Q.    And then you appeal it.  And you
 9   appeal it to that third party.  You with me?
10        A.    I'm with you.
11        Q.    The third party that I conferenced
12   with, correct?  The third party who I
13   discussed increasing the sanction, the third
14   party who I spoke with, and I'm gonna
15   introduce a new fact, who said that he
16   thought the increase in the sanction was
17   appropriate.  And now you're appealing to
18   that same third party.
19              And my question to you is knowing
20   that, do you still feel that that is a fair
21   and impartial appeal to that third party?
22              MS. HART:  Object to the form.
23        A.    I still believe somebody can be
```

unbiased and make a determination based on the appeal that is presented by me as the respondent. And --

Q. If you are the respondent, do you believe that's a fair process that I just described to you?

MS. HART: Object to the form. And also please allow her to answer her question.

Q. Oh, I'm sorry. Did I interrupt you, Dr. Harrell? I'm sorry.

A. You might have.

Q. I'm sorry.

A. What I was trying to communicate, I think, and I don't know if I got through -- was that based -- I think the person that is the third party that's, in your hypothetical, that's hearing the appeal --

Q. Right.

A. -- be unbiased based on just solely looking at the information that is provided by me in this hypothetical as the respondent.

```
 1       Q.    Right.  My question is do you
 2   think that's a fair and equitable and
 3   impartial appeal process?
 4       A.    I think the appellate person in
 5   the hypothetical situation could be
 6   unbiased, just because they're trained based
 7   on information provided by me as the
 8   respondent.
 9       Q.    As the respondent, do you feel
10   that the third party who participated in the
11   increase of sanction should hear the appeal
12   that he participated in in terms of the
13   degree of sanction?
14             MS. HART:  Object to the form.
15       A.    I mean, that's a lot of
16   hypothetical.  If I was the hypothetical
17   respondent --
18       Q.    Right.
19       A.    -- I think that if I'm having
20   trust in a good faith process all the way
21   through, then I would think that if this
22   person is looking at making a determination
23   of my appeal based on the information that I
```

share, then I don't have a problem with it.

Q. Let me ask you -- add another fact to it. You're aware that one of the grounds for an appeal is the severity of sanction, right?

A. Yes, sir.

Q. What if I, as the Student Conduct Administrator, didn't tell you that I increased that sanction that the UDC recommended?

MS. HART: Object to the form.

Q. Do you think that's fair?

A. When you're saying you increase, are you talking about the appeals person?

Q. Yeah. No. Remember as the Student Conduct Administrator, the UDC came back and found you responsible and recommended a specific sanction. And I, as the Student Conduct Administrator, I met with a third party and agreed to increase that sanction. And then I didn't tell you what the UDC recommended and that I increased that sanction. My question to you

```
 1      A.    I don't know if really understand
 2  the question still.  If you're talking about
 3  the person that made the appeal -- is that
 4  who you're talking about?
 5      Q.    I'm talking about that third
 6  party.
 7      A.    Yeah, I'm trying to clarify.  I
 8  just want to make --
 9      Q.    The third party who had
10  participated, or conferenced, with the
11  decision to increase the sanction, and then
12  you as a responding party appeals it to that
13  same third party.  Do you believe that it's
14  appropriate for someone, that third party,
15  to sit in judgment of their prior decision
16  in the case?
17          MS. HART:  Object to the form.
18      A.    I don't see a problem if the
19  person is unbiased and taking into account
20  the evidence presented during any part of
21  the process.
22      Q.    Can you tell me the reason to have
23  an additional layer of review on appeal?
```